40353, 40366. RICHMOND COUNTY HOSPITAL AUTHORITY d/b/a UNIVERSITY HOSPITAL et al. v. SOUTHEASTERN NEWSPAPERS CORPORATION (two cases).

SMITH, Justice.

Southeastern Newspapers Corp., publisher of two Augusta newspapers, requested from the Richmond County Hospital Authority, as operators of University Hospital in Augusta, certain information identifying the names, salaries, and job titles of hospital employees earning more than $28,000 annually. The hospital refused to provide this information and on June 7, 1983, Southeastern filed suit to compel disclosure. The superior court ruled that the hospital authority is subject to OCGA §§ 50-18-70 (Code Ann. 40-2701) and 72(a) (Code Ann. § 40-2703) (commonly but unofficially known as the Open Records Act), which provide for public access to all state, county and municipal records, subject to certain exceptions, but including hospital authorities. The Richmond County Hospital Authority now appeals from this order requiring disclosure and from a separate order awarding attorney fees to Southeastern pursuant to the authority of OCGA § 50-18-73 (Code Ann. § 40-2704) (Ga. L. 1982, p. 1789, § 1). We affirm.

### Case No. 40353

1. In their first enumeration the hospital authority contends that it was error to order them to disclose to Southeastern the names and salaries of those persons employed by Richmond County Hospital Authority who earn $28,000, or more, per year. The hospital authority concedes that it is a body subject to OCGA § 50-18-70 et seq. (Code Ann. § 40-2701 et seq.), but argues that the particular records requested fall within an exception contained in the statute for "records that are specifically required by the federal government to be kept confidential or to medical records and similar files, the disclosure of which would be an invasion of personal privacy." OCGA § 50-18-72 (Code Ann. § 40-2703). The hospital authority does not show and we do not find in the record any evidence that these records are required by federal law to be kept confidential. As to the issue of personal privacy, we have in past cases construed that clause to

manifest "the intent of the General Assembly that reports which include the elements of the tort of invasion of privacy are to be exempted from the disclosure requirements of the Act. The right of privacy, protectable in tort, however, extends only to unnecessary, public scrutiny," such as unwarranted publicity, unwarranted appropriation or exploitation of one's personality, or the publicizing of one's private affairs with which the public had no legitimate concern. *Athens Observer v. Anderson,* 245 Ga. 63, 65 (263 SE2d 128) (1980); *Doe v. Sears,* 245 Ga. 83 (2) (263 SE2d 119) (1980). See also *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682 (100 SE2d 881) (1957).

Our review shows no such tortious element to be present here. The public has a legitimate interest in the operation of this institution and the salaries paid to those employed there. We find that disclosure of the requested names and salaries would not be an invasion of personal privacy as contemplated by the General Assembly to permit an exemption from disclosure.

The hospital authority also submits that by our own balancing test as applied in *Athens Observer,* supra, the public interest in disclosure is outweighed by benefits to the hospital accruing from non-disclosure. In *Athens Observer* we applied the balancing test to a request by a newspaper for disclosure of a report prepared by consultants to the University of Georgia evaluating the mathematical sciences programs there. We noted that the public policy embodied in the Act includes encouraging public access to information involving the expenditure of public funds, and fostering confidence in government through openness to the public. Despite the sensitive and possibly critical nature of the report, we concluded that the asserted need for confidentiality to assure candid assessments by evaluators did not overcome the need for public access.

In the present case the hospital contends that its position in a competitive market for personnel would be eroded by publication of salary figures and highly qualified staff would be open to more lucrative offers to go elsewhere, thus lowering the quality of care at the appellant's hospital. It is also submitted that morale and employee satisfaction would plunge if salaries were publicized. Appellant fails entirely, however, to show any harm that would arise from disclosure or any public benefit that would follow from non-disclosure. The arguments as to morale and market competition are speculative and appellant cites neither authority nor evidence for these propositions.

Against the hospital's contentions we must balance the strong public policy of this state in favor of open government as evidenced by the plain language of OCGA § 50-18-72 (Code Ann. § 40-2703),

which specifically includes the records of hospital authorities as within the Open Records Act. We find these to be compelling reasons for disclosure and more than sufficient to outweigh the appellant's assertions of greater public benefit in non-disclosure. Therefore, the order of the superior court requiring that appellant Richmond County Hospital Authority disclose to appellee Southeastern Newspapers those accounting records showing the names, positions, and salaries of employees compensated at an annual rate of $28,000 or more is affirmed.

### Case No. 40366

Appellants also appeal from the order granting attorney's fees to the appellee pursuant to OCGA § 50-18-73 (Code Ann. § 40-2704), which provides that such fees may be awarded to the prevailing party in an action to enforce compliance with the article. The award of attorney's fees is discretionary under this statute and the decision of the superior court will be interfered with only where this discretion has been abused. The hospital authority does not submit that the amount awarded was unreasonable or excessive, but only that it was error to award attorney's fees at all. The record contains no evidence that the court has abused its discretion in making the award of attorney's fees to the appellee and we find that this enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 1984.

*Knox & Zacks, Wyckliffe A. Knox, Jr., Dye, Miller, Tucker & Everitt, Thomas W. Tucker,* for appellants.

*Hull, Towill, Norman & Barrett, W. Hale Barrett, David E. Hudson,* for appellee.