A91A0936. GMS AIR CONDITIONING, INC. v. DEPARTMENT
OF HUMAN RESOURCES et al.
(410 SE2d 341)

POPE, Judge.

Plaintiff GMS Air Conditioning, Inc. (hereinafter "GMS"), by letter from its attorney dated October 25, 1989, requested permission pursuant to the Open Records Act (OCGA § 50-18-71 et seq.) to inspect and copy certain documents and records maintained by defendant Georgia Department of Human Resources (hereinafter "DHR"), relating to "Contract No. 427-021-004218, Project No. MH-GRC-88S-92, Modifications to Therapy Building Mechanical Rooms, Replace High Temperature Water Piping" at the Georgia Retardation Center (hereinafter "Center"). The letter requested permission to inspect and copy "[a]ll public records collected, assembled, or maintained in any way pertaining to the above-referenced contract," and went on to specify numerous categories of documents deemed to be included in the request. DHR responded on November 8, 1989, that its records and documents "pertaining to this project" would be available for timely inspection at the Center. Only the "contract file" for the project referred to in GMS's request was made available to it. The file included only the original purchase order, the contract documents and related correspondence. From these documents, which filled two three-inch deep file folders, GMS selected 145 pages to be reproduced.

On November 27, GMS, through its attorney, complained by letter that DHR had failed to provide it with the records requested, submitting that it was being denied access afforded by the Open Records Act and declaring it would seek enforcement of compliance as pro-

vided by OCGA § 50-18-73. A DHR representative immediately wrote the attorney that he had discussed the problem with the staff at the Center and they had advised him that all records they had on the "referenced project" had been made available. Mr. Allen expressed his willingness to locate other documents if GMS could "be more specific about records you hoped to find, or feel are being denied you . . . ."

DHR received no response to the letter requesting clarification of the information sought by GMS. Instead, two weeks later GMS filed suit seeking compliance with the Open Records Act and an award of attorney fees and expenses of litigation thereunder. After the complaint was filed, additional documents were made available to GMS for inspection and copying. DHR answered the complaint and asserted it had acted in good faith and that, because all documents responsive to plaintiff's request had been provided, plaintiff's complaint should be dismissed. GMS moved for summary judgment asserting DHR had produced 8,000 to 10,000 pages of documents, of which it selected some 2,000 pages for photocopying, only after the complaint was filed; and that since it had incurred considerable expense and attorney fees to compel compliance with the Act, it was entitled as a matter of law to recover those costs. DHR filed a cross-motion for summary judgment contending that not until after the suit was filed did it receive clarification of the scope of GMS's open records request sufficient to permit it to respond; and that once it did, it furnished the documents requested at a time convenient to GMS. According to DHR, plaintiff was not entitled to an award of attorney fees because the filing of the complaint was unnecessary. GMS appeals the trial court's grant of summary judgment to DHR.

The issue presented by defendant's motion for summary judgment is whether the initial written request was vague and ambiguous and whether the information it received from plaintiff after the filing of the complaint did, in fact, provide the clarification necessary for it to comply with plaintiff's request. In support of its motion, defendant submitted the affidavit of the DHR representative who responded to plaintiff's request and corresponded with plaintiff's attorney prior to the filing of the suit. According to his affidavit, the DHR representative initially "assumed that Plaintiff was merely requesting the contract file on the project referenced in its . . . request." On its face, however, the request referred to *all* records pertaining to the contract referenced in the request and specified a lengthy and detailed list of the types of documents it intended to include in its request. The DHR representative further attested in his affidavit: "As written, the Plaintiff's request arguably would apply to all documents pertaining to the original installation of the high temperature water piping system in all thirteen buildings at the Georgia Retardation Center.

These documents, going back as far as 1968, are voluminous and involved thousands of pages. Because the Plaintiff's . . . request specifically referenced one contract and project at the Georgia Retardation Center, I assumed that the request was not intended to apply so broadly." This statement appears to be internally inconsistent; on the one hand, the affiant states he interpreted the request to apply broadly to construction dating back to 1968 while at the same time acknowledging that the request referenced only one contract and project. Moreover, the request on its face contradicts the affiant's assertion that the request encompassed documents relating to the water piping system of "all thirteen buildings" at the Center; it refers only to the system in the *therapy building*. The affiant goes on to state he did not understand plaintiff wanted only those documents relating to the therapy building until the suit had been filed and counsel for DHR had consulted by telephone with counsel for plaintiff. As noted above, that the request was restricted to the therapy building appears on the face of the written request.

Based on this evidence, the trial court found the initial request to be vague and overbroad and found that the scope of plaintiff's request was not clarified until after the suit was filed. Thus, the trial court held DHR had acted in good faith and that plaintiff was not entitled to an award of attorney fees. "The award of attorney's fees is discretionary under [OCGA § 50-18-73] and the decision of the superior court will be interfered with only where this discretion has been abused." *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19, 21 (311 SE2d 806) (1984). However, " 'the testimony of a party offering himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague, or equivocal . . . .' " *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551, 552 (181 SE2d 866) (1971). As noted above, the testimony of the DHR representative was contradictory and equivocal. It was also in conflict with the information contained in the written request which was submitted in evidence by plaintiff.

In an action to enforce the provisions of the Open Records Act, the plaintiff has the burden of proving the defendant violated the Act and, to be awarded attorney fees, must prove the violation was "completely without merit as to law or fact . . . ." OCGA § 50-18-73 (b). On a motion for summary judgment, however, the movant has the burden of showing the absence of any genuine issue of material fact, even as to issues upon which the opposing party would have the burden of proof at trial. *Wood v. Brunswick Pulp & Paper Co.*, 119 Ga. App. 880 (169 SE2d 403) (1969). The factual issues presented by this case are whether defendant, though it produced the documents plaintiff requested after a lawsuit was filed, violated the Open Records Act by not producing them before the suit was filed and whether the vio-

lation, if any, was "completely without merit as to law or fact."
" 'Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion. [Cit.]' " *Burnette Ford*, supra at 552-553 (quoting *Word v. Henderson*, 110 Ga. App. 780, 788 (140 SE2d 92) (1964), Jordan, J., dissenting). Because defendant failed to show that these factual issues must be decided in its favor as a matter of law, then summary judgment in its favor was improper.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991.

Garrett, McManus & Grubb, John C. McManus, for appellant.
Michael J. Bowers, Attorney General, Grace E. Lewis, William C. Joy, Senior Assistant Attorneys General, Mary F. Russell, Assistant Attorney General, for appellees.