A92A2028. CLAYTON COUNTY HOSPITAL AUTHORITY et al.
v. WEBB et al.
(430 SE2d 89)

ANDREWS, Judge.

Clayton County Hospital Authority (Authority), and five affiliated corporations created by the Authority, appeal from the judgment of the trial court ordering them to provide records sought under the Open Records Act, OCGA § 50-18-70 et seq., by Sandra Webb and the Georgia Baptist Medical Center (Georgia Baptist).

The Authority is a governmental entity created pursuant to the Hospital Authorities Act, OCGA § 31-7-70 et seq. In January 1991, the Authority reorganized itself by creating a group of affiliated non-profit corporations, and transferring control of the Authority's assets to one or more of these corporations: Georgia MedCorp, Inc. (MedCorp); Georgia MedCorp Ventures, Inc. (Ventures); Georgia MedCorp Development, Inc. (Development); Southern Regional Medical Center, Inc. (SRMC), and Southern Regional Medical Center Foundation, Inc. (Foundation). Through a lease and management agreement, the Authority transferred substantially all of its assets, totaling more than $145,000,000 to SRMC for a period of 40 years. SRMC subsequently transferred assets to at least some of the other corporations. The records of the Authority, MedCorp, Ventures, Development, SRMC, and Foundation are in the possession of and controlled by the Authority.

In February 1992, Webb, a resident of Clayton County, made a request pursuant to the Act to inspect and copy the following records of the Authority:

"(1) All records, including but not limited to minutes, notices, attendance lists, records of votes, resolutions, notes, agenda, presentations, and handouts, relating to meetings of the Authority from January 1, 1990 to the present.

"(2) All records relating to financial transactions from January 1, 1990, to present which, in the case of any individual transaction, involved the transfer to, from or on behalf of the Authority of more than $100,000.

"(3) Copies of the 1991 audit of the Authority and the unaudited year-end financial statements of the Authority."

The Authority provided some of the records, but refused to provide others. In March 1992, Webb made another request under the Act to inspect and copy the following records of the Authority, MedCorp, Ventures, Development, SRMC, and Foundation:

"(1) All records of transfers of funds from the Authority to MedCorp, Development, SRMC, Ventures or Foundation.

"(2) All records of transfers of funds from MedCorp, Development, Ventures or Foundation to any person or entity, including but not limited to transfers between MedCorp, Development, Ventures or Foundation.

"(3) All records of transfers of funds from SRMC to MedCorp, Development, Ventures or Foundation.

"(4) All records of meetings of all boards, committees, and officers of MedCorp, Development, Ventures or Foundation.

"(5) All records identifying the sources of the $29,553,041 listed on page 12 of the 1991 Audited Financial Statements of Clayton County Hospital Authority as an 'Asset whose use is limited (By board for capital improvements),' and all records identifying the limitations that exist as to the use of such asset.

"(6) All records explaining the change from $36,532,325 to $0 for 'Assets whose use is limited, less current portion' on page 2 of the 1991 Audited Financial Statements of Clayton County Hospital Authority.

"(7) All records identifying the sources of the $22,675,542 listed on page 6 of the 1991 Audited Financial Statements of the Clayton County Hospital Authority as a 'Transfer of assets limited as to use to Southern Regional Medical Center, Inc.' and all records identifying the limitations that exist as to the use of such asset.

"(8) All records identifying the investment in real estate listed on page 2 of the 1991 Audited Financial Statements of Clayton County Hospital Authority as a 'Transfer of investment in real estate to Southern Regional Medical Center, Inc.' "

In response to the second request, attorneys for the Authority agreed to provide some of the records, but refused to provide others on the ground that MedCorp, Ventures, Development, and Foundation are private non-profit corporations, and their records are not public records subject to the Act. Subsequently, Webb was also refused access to the records of various committee meetings of the Authority and SRMC on grounds that such records would reveal "plans, proposals, or strategies that would be of competitive advantage in the operation of the Hospital."

Webb claims she made these requests in her own behalf as an interested taxpayer of Clayton County, although she admits she is an employee of Georgia Baptist, and that Georgia Baptist provided her with legal counsel to make the requests, and paid all of her legal fees, and all expenses associated with the requests.

On April 13, 1992, Georgia Baptist, a private non-profit corporation, made a request under the Act for access to the records denied Webb, along with additional records of the Authority, MedCorp, Ven-

tures, Development, SRMC, and Foundation. In the letter making the request, Georgia Baptist asserted that it was aware of the Authority's reorganization, and of its efforts using the new corporate structure to file an application to build a hospital in Fayette County. The request further states that Georgia Baptist had also applied to build a hospital in Fayette County, and that the Authority's refusal to provide relevant records to Webb raised questions about the legality of the Authority's competition with Georgia Baptist in the pending applications. In addition to records not provided to Webb, the request sought "all other records of [the Authority, MedCorp] and their subsidiaries which address the plan of reorganization approved by the Authority and its implementation." In response, the Authority provided no additional records, and further claimed that the withheld records were not subject to the Act because they were being sought for a commercial purpose.

On April 17, 1992, Webb and Georgia Baptist filed a petition in Clayton County Superior Court against the Authority and all five affiliated corporations seeking to compel disclosure of the requested records under the Act. The Authority and the other defendant corporations moved for dismissal of the petition under OCGA § 50-18-70 (e) on the basis that the pending applications of Georgia Baptist and MedCorp for certificates of need for a hospital in Fayette County required that access to the requested records be given prior approval in the administrative proceedings associated with the applications.

The foregoing facts were before the trial court in the pleadings, admissions therein, or stipulations of the parties. After a hearing in which no evidence was presented, the trial court denied the motion to dismiss, ruled that the Authority and all of the defendant corporations were subject to the Act, and granted the petition on the conditions that the plaintiffs provide a statement under OCGA § 50-18-70 (d) that the information in the records was not to be used for commercial purposes, and that the defendants were not required to produce records exempted by OCGA § 31-7-75.2.

On appeal, the Authority and the other corporate defendants assert three errors: (1) that under OCGA § 50-18-70 (e), the requests required prior approval in the pending certificate of need administrative proceedings; (2) that Webb and Georgia Baptist were not entitled to receive the requested information because they intended to use it for commercial purposes as controlled by OCGA § 50-18-70 (d); and (3) that the records requested from the five affiliated corporations created when the Authority reorganized were not public records subject to the Act.

1. The first question in an Open Records Act suit is whether the requested records are "public records." *Napper v. Ga. Television Co.*, 257 Ga. 156, 160 (356 SE2d 640) (1987). Under OCGA § 50-18-70 (a),

public records "shall mean all documents, papers, letters, maps, books, tapes, photographs, computer based or generated information, or similar material prepared and maintained or received in the course of the operation of a public office or agency. 'Public records' shall also mean such items received or maintained by a private person or entity on behalf of a public office or agency which are not otherwise subject to protection from disclosure. Provided, further, this Code section shall be construed to disallow an agency's placing or causing such items to be placed in the hands of a private person or entity for the purpose of avoiding disclosure." The Act encompasses "[a]ll state, county, and municipal records. . . ." *Board of Regents &c. of Ga. v. Atlanta Journal &c.*, 259 Ga. 214, 215 (378 SE2d 305) (1989). As a governmental entity created pursuant to OCGA § 31-7-70 et seq., the records of the Clayton County Hospital Authority are subject to the provisions of the Act. *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19 (311 SE2d 806) (1984). Moreover, the Act specifically provides that "[a]ll public records of hospital authorities shall be subject to this article except for those otherwise excepted by this article or any other provision of law." OCGA § 50-18-72 (c) (1).

The Authority and its five corporate affiliates contend that the reorganization created MedCorp, Ventures, Development, Foundation, and SRMC as private corporations, whose records are not "public records" subject to the Act.[1] No evidence was introduced at the hearing as to the organization or function of the five affiliated corporations. However, the defendants admitted in their response to the petition that all of the corporations were created as part of a reorganization of the Authority; that the assets of the Authority were transferred to one or more of the corporations, and that the records of all of the corporations remained in the possession and control of the Authority. On these facts, there was a sufficient basis to conclude that the private corporations functioned under the direction and control of the Authority to implement the Authority's duty to provide for the public health. None of the disputed records was examined by the trial court, and the defendants now claim Webb and Georgia Baptist failed to carry the burden of proving the documents were public records subject to the Act. The Authority admittedly had the documents it claimed to be private records in its possession, and made no effort to produce them for examination by the trial court in support of its position. If the defendants intended to rely upon the specific contents of

---

[1] The issues raised in this appeal do not require any consideration of whether the Authority's reorganization and subsequent activities are a valid exercise of its power under the Hospital Authorities Act. Compare *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183 (336 SE2d 562) (1985).

the withheld documents as a defense to production under the Act, they had the burden of producing the records for inspection by the court. See *Brown v. Minter*, 243 Ga. 397, 398 (254 SE2d 326) (1979). In fact, the defendants relied not on the specific content of any requested document to demonstrate its private nature, but rather on the claim that the documents were those of private corporations not subject to the Act. Despite the private status of the corporations, the trial court was authorized to find on the facts before it that they were subject to the Act, and that the requested documents were "public records" under the Act. See *Macon Telegraph Pub. Co. v. Bd. of Regents &c. of Ga.*, 256 Ga. 443, 444-445 (350 SE2d 23) (1986); *Richmond County*, supra at 192.

2. Secondly, we must determine whether the public records in this case were protected from disclosure under the provisions of OCGA § 50-18-70 (e).[2] Effective April 6, 1992, subsection (e) was added to OCGA § 50-18-70, and provides that: "In a pending proceeding under Chapter 13 of this title, the 'Georgia Administrative Procedure Act,' or under any other administrative proceeding authorized under Georgia law, a party may not access public records pertaining to the subject of the proceeding pursuant to this article without the prior approval of the presiding administrative law judge, who shall consider such open record request in the same manner as any other request for information put forth by a party in such a proceeding."

The record reflects that Georgia Baptist and MedCorp have both filed an application with the State Health Planning Agency for a certificate of need to build a hospital in Fayette County. The procedures set forth in OCGA § 31-6-40 et seq. for consideration of a certificate of need by the Health Planning Agency, and appeal to the Health Planning Review Board, establish administrative proceedings within the meaning of OCGA § 50-18-70 (d). See *North Fulton Community Hosp. v. State Health Planning &c. Agency*, 168 Ga. App. 801 (310 SE2d 764) (1983). The trial court made no determination as to whether all or any of the records requested by Georgia Baptist pertained to the subject of a pending certificate of need application filed by Georgia Baptist, or to any pending application of MedCorp to which Georgia Baptist has become a party by giving notice of its opposition to the application. See OCGA § 31-6-44. Since the record is not sufficient on this issue, the case must be remanded for the trial court to consider evidence, make this determination as to the documents requested by Georgia Baptist, and, if necessary, refer docu-

---

[2] There is no claim on appeal that the requested documents are protected by a specific exemption under OCGA § 50-18-72, nor has any issue been raised concerning the exemption of OCGA § 31-7-75.2, which the trial court cited as a condition of its order.

ment requests for approval by the presiding officials in any administrative proceeding to which Georgia Baptist is a party.

Since Webb is not a party to the administrative proceedings at issue, any documents she requested in her own behalf are not governed by OCGA § 50-18-70 (e). However, it is not at all clear that she requested the documents in her own behalf. She freely admitted she is employed by Georgia Baptist. Georgia Baptist provided her with attorneys to prepare the requests, and paid the attorney fees and all expenses. On remand, the trial court must also hear evidence to determine whether Webb acted wholly or partly in her own behalf, or whether she acted solely at the instance of Georgia Baptist in an effort to circumvent the requirements of OCGA § 50-18-70 (e). To the extent the trial court determines Webb requested documents for Georgia Baptist, those documents are bound by the requirements of OCGA § 50-18-70 (e) as if directly requested by Georgia Baptist.[3]

3. We find no merit in the contention that the trial court should have denied Webb and Georgia Baptist access to the requested documents because they intended to use the documents for commercial purposes. Under OCGA § 50-18-70 (d), "[n]o public officer or agency shall be required to provide access to public records which are to be used for commercial purposes. The requesting party shall sign a statement agreeing not to use information gathered pursuant to said request for commercial purposes. Commercial purposes shall not include news-gathering requests for information or legitimate research for educational, scientific, or public purposes." If the requesting party signs a statement agreeing not to use the requested information for commercial purposes, there is no basis under subsection (d) to deny access to the records. Since the trial court's order was conditioned on the statement being provided, we find no error on this ground.

*Judgment reversed and remanded with directions. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 10, 1993 —
RECONSIDERATION DENIED MARCH 23, 1993.

*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver, Powell, Goldstein, Frazer & Murphy, Randall L. Hughes, Kim H. Roeder, Adrienne E. Marting*, for appellants.

*Driebe & Driebe, Charles J. Driebe, D. Keith Scott, Jr., Trout-*

---

[3] Even though the requests filed by Webb under the Act in February and March of 1992 preceded the April 6, 1992 effective date adding subsections (d) and (e) to OCGA § 50-18-70, Webb had no vested rights under the Act. Since no vested rights were affected by the modification of the statute, the added requirements of subsections (d) and (e) apply to Webb's requests. *Evans v. Belth*, 193 Ga. App. 757, 758-759 (388 SE2d 914) (1989).

man, Sanders, Lockerman & Ashmore, Robert P. Williams II, W. Randall Tye, Mark S. Vanderbroek, for appellees.

Parker, Hudson, Rainer & Dobbs, John H. Parker, Jr., David G. Cleveland, Armando L. Basarrate II, amici curiae.