A95A2054. POWELL et al. v. VONCANON.
(467 SE2d 193)

JOHNSON, Judge.

Charles VonCanon, d/b/a Property Management Systems, is in the business of compiling public real estate records and then selling that information via a computer network. In pursuit of that business, VonCanon filed a complaint under the Open Records Act, OCGA § 50-18-70 et seq., against Walker County Tax Commissioner Melba Powell, Tax Assessor Harold Hughes, Commissioner Roy Parrish and Superior Court Clerk Bill McDaniel, requesting that they give him, on computer disk or tape, copies of public real estate records held in their offices. The defendants admitted in their answer to the lawsuit that VonCanon is entitled to copies of public information stored on their computers for reasonable costs. VonCanon then moved for summary judgment, and the defendants filed a cross-motion for summary judgment, on the issue of the reasonable costs that the defendants may charge for the information. The trial court denied the defendants' motion and granted VonCanon's motion, ruling that the defendants may charge VonCanon the actual cost of a computer disk or tape onto which the information is transferred and the hourly wage of the lowest paid full-time employee of each defendant who can oversee or perform the transfer, although they cannot assess any charge for the first quarter hour of work. The defendants jointly appeal from the

ruling, arguing that they can charge VonCanon costs greater than those determined by the court.

1. The argument of tax commissioner Powell, tax assessor Hughes and commissioner Parrish is without merit. The trial court correctly ruled that as to those three parties this case is controlled by OCGA § 50-18-71 (f), which provides: "Where information requested is maintained by computer, an agency may charge the public its actual cost of a computer disk or tape onto which the information is transferred and may charge for the administrative time involved as set forth in subsection (d) of this Code section." That subsection states that "a reasonable charge may be collected for search, retrieval, and other direct administrative costs for complying with a request under this Code section. The hourly charge shall not exceed the salary of the lowest paid full-time employee who, in the discretion of the custodian of the records, has the necessary skill and training to perform the request; provided, however, that no charge shall be made for the first quarter hour." OCGA § 50-18-71 (d). Based on OCGA § 50-18-71 (d) and (f), the court did not err in its ruling as to the reasonable costs that Powell, Hughes and Parrish may charge for providing the requested public information on a computer disk or tape. Accordingly, the court's ruling as to Powell, Hughes and Parrish is affirmed.

2. The court, however, erred in ruling that superior court clerk McDaniel is limited to charging the same costs as Powell, Hughes and Parrish. OCGA § 15-6-96, which became effective after the Open Records Act, provides: "The clerk of the superior court is the custodian of the records of his or her office. Any contract to distribute, sell, or otherwise market records or computer generated data of the office of the clerk of the superior court for profit shall be made by the clerk of the superior court." As the trial court found in its summary judgment order, this Code section, authorizing superior court clerks to contract to distribute the records of their offices for profits, conflicts with the Open Records Act mandate that agencies shall use the most economical means available for providing copies of public records. See OCGA § 50-18-71 (e). But contrary to the trial court's conclusion, this conflict is not resolved by allowing the Open Records Act to prevail over OCGA § 15-6-96. "[A]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." (Citations and punctuation omitted.) *Henry v. Wild Pines Apts.*, 177 Ga. App. 576 (340 SE2d 233) (1986). Thus, because the legislature was aware of the Open Records Act at the time it passed OCGA § 15-6-96, "we find the statutes may be reconciled by giving recognition to the last stated statute." (Citation and punctuation omitted.) Id. Moreover, at the time it passed OCGA § 15-6-96, the legislature expressly repealed all laws and parts of laws in conflict with the new statute. Ga. L. 1994, p. 672, § 3. Consequently,

842

OCGA § 15-6-96 prevails over OCGA § 50-18-71 and any other part of the Open Records Act to the extent they conflict with the ability of superior court clerks to contract to market records of their offices for profit.

Furthermore, we note that application of OCGA § 15-6-96 to the particular facts of this case does not contravene the overall purpose of the Open Records Act. "The purpose is not only to encourage public access to such information in order that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions, but also to foster confidence in government through openness to the public." *Athens Observer v. Anderson*, 245 Ga. 63, 66 (2) (263 SE2d 128) (1980). The computerized real estate records sought by VonCanon are already open to the public pursuant to OCGA § 50-18-70 (c), which requires any computerized index of county real estate deed records to be printed for public inspection no less than every 30 days. Allowing the Walker County superior court clerk to contract to earn a profit by providing a computer disk or tape containing this already public information in no way limits public access to the information. Accordingly, we hold that the court's grant of summary judgment against superior court clerk McDaniel is reversed and the case is remanded to the trial court for a determination of the costs McDaniel may charge for reproduction of the requested computerized information. See *McFrugal Rental &c. v. Garr*, 262 Ga. 369, 370 (418 SE2d 60) (1992).

*Judgment affirmed in part and reversed in part with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 16, 1996.

*Watson & Dana, Dennis D. Watson, David D. Gottlieb*, for appellants.

*Grisham, Knight & Hooper, James B. M. Hooper, Walter E. Hooper, Burton & Anderson, Leon S. Jones*, for appellee.

*Rowe & Lawler, Thomas C. Lawler III*, amicus curiae.