## A05A0186. THE CORPORATION OF MERCER UNIVERSITY et al. v. BARRETT & FARAHANY, LLP.
### (610 SE2d 138)

JOHNSON, Presiding Judge.

In this declaratory action, we are asked to determine whether a campus police force exercising the police power of the State of Georgia by express legislative grant on a private university campus is subject to the Georgia Open Records Act[1] to the same extent as other police forces in Georgia. We hold that, under the circumstances of this case, documents received and maintained by the campus police force at issue are not subject to the Open Records Act. We, therefore, reverse the trial court's order holding that the documents are subject to the Open Records Act.

Many of the material facts of this case are not in dispute. Mercer University is a nonprofit corporation which operates a university in Bibb County, Georgia. Mercer University is not a government agency. Mercer University has voluntarily elected, under specific authority granted to colleges and universities in Georgia by the General Assembly, to establish its own campus police force known as the Mercer University Police Department ("MUPD").[2] In the course of exercising its powers, the MUPD generates and maintains records, including incident reports and crime logs.

Barrett & Farahany, LLP, a law firm in Atlanta, represents "Jane Doe," a former Mercer University student, in a lawsuit against Mercer University, in which Doe claims that Mercer University is responsible for an alleged assault perpetrated by a person known by Doe. When Mercer University objected to the production of certain documents regarding victims of sexual assaults, Barrett & Farahany brought this action for declaratory and injunctive relief against Mercer University, seeking access to police records maintained and generated by the MUPD in connection with rapes and sexual assaults that occurred on Mercer University's campus. At issue is whether certain records maintained or generated in the operation of the MUPD are public records subject to disclosure under the Open Records Act.

---

[1] OCGA § 50-18-70 et seq.

[2] See OCGA § 20-8-2.

The trial court found that the MUPD performs public functions in the enforcement of the laws of this state, including the preservation of public order, the protection of life and property, and the prevention, detection or investigation of a crime. The trial court, therefore, ordered that records generated, maintained or received in the course of MUPD's enforcement of the laws of this state, preservation of public order, protection of life and property, prevention, detection or investigation of a crime, or any combination thereof, are subject to the Open Records Act. Mercer University appeals this ruling, and two amici curiae briefs have been filed. The Georgia First Amendment Foundation, Security on Campus, Inc., the National Police Accountability Project of the National Lawyers Guild, American Civil Liberties Union of Georgia, Inc., Society of Professional Journalists, and Student Press Law Center filed a brief in support of Barrett & Farahany and the trial court's order. Morehouse College, the Savannah College of Art & Design, and Wesleyan College filed a brief in support of Mercer University.

1. Mercer University contends that it is a private institution and, therefore, the trial court erred in declaring that documents maintained by its campus police are public records within the meaning of Georgia's Open Records Act. We agree and reverse the trial court's order.

The Open Records Act provides that all "public records" of a "public agency" or "public office," except those prohibited or exempted by law, be open to inspection by the general public.[3] Barrett & Farahany contends that (a) the MUPD is a public office or agency, or, in the alternative, (b) even if the MUPD is a private entity, its documents can be considered public records. We reject both arguments.

(a) To be considered a "public office" or "public agency" pursuant to the Open Records Act, an entity must generally either (1) be a political subdivision of the state, (2) be a city, county, regional or other authority established pursuant to law, or (3) receive a specified amount of funding from the state.[4] There is no dispute that Mercer University is a private institution and not a public office or agency, and that Mercer University does not receive funding from the state. There is also no dispute that MUPD officers are employees of Mercer University, are compensated solely by Mercer University, and function under the direction and control of Mercer University.

Barrett & Farahany argues, however, that despite Mercer University's status as a private institution and as the employer of MUPD

[3] OCGA § 50-18-70.
[4] OCGA §§ 50-18-70 (a); 50-14-1 (a) (1).

officers, the MUPD is subject to the Open Records Act because its officers are delegated public powers by the State of Georgia. The Campus Policemen Act[5] establishes the authority of campus police officers certified under the Georgia Peace Officer Standards and Training Act[6] the power to exercise full law enforcement powers on the campus and its surrounding public and private area, including the power to stop, detain and arrest individuals.[7] The Georgia Peace Officer Standards and Training Council has the power to certify officers, train officers, discipline officers, and suspend officers.[8] According to Barrett & Farahany, this delegation of powers to the MUPD makes the MUPD a public office or agency because the MUPD does not and cannot exist as a certified police agency without the powers prescribed by the State of Georgia. While Barrett & Farahany makes a compelling argument, there is nothing in the plain and unambiguous language of the Open Records Act that supports such an outcome.

It is true that the Open Records Act "was enacted in the public interest to protect the public — both individuals and the public generally — from 'closed door' politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes."[9] The intent of the General Assembly was to encourage public access to information and to promote confidence in government through openness to the public[10] and allow the public to evaluate efficient and proper functioning of its institutions.[11] However, while the Open Records Act has been broadly applied as it relates to public offices or agencies to ensure adequate public access to public records, the Open Records Act should not be construed broadly and in derogation of its express terms so as to bring private entities within the purview of the statute.

The mere fact that MUPD officers are given authority to perform certain functions by the Campus Policemen Act,[12] and the Georgia Peace Officer Standards and Training Act,[13] does not make them officers or employees of a public office or agency. The statutory

---

[5] OCGA § 20-8-1 et seq.

[6] OCGA § 35-8-1 et seq.

[7] OCGA §§ 20-8-2; 35-8-3.

[8] OCGA §§ 35-8-3 (a); 35-8-7; 35-8-7.1.

[9] See *Atlanta Journal v. Hill*, 257 Ga. 398, 399 (359 SE2d 913) (1987).

[10] See *Athens Observer v. Anderson*, 245 Ga. 63, 66 (2) (263 SE2d 128) (1980); *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444, 447 (3) (241 SE2d 196) (1978); *Stone v. State*, 257 Ga. App. 492, 494 (571 SE2d 488) (2002).

[11] *Powell v. VonCanon*, 219 Ga. App. 840, 842 (2) (467 SE2d 193) (1996).

[12] OCGA § 20-8-1 et seq.

[13] OCGA § 35-8-1 et seq.

language simply does not provide this Court with the authority to find private entities delegated certain authority by the state to be public offices or agencies. Contrary to Barrett & Farahany's argument, the MUPD is not a public office or agency.

(b) We also find, contrary to Barrett & Farahany's argument, that the MUPD documents are not public records. The Open Records Act provides two tests for determining whether a document is a "public record."[14] First, if the document was prepared and maintained or received "in the course of the operation of a public office or agency," then the document is, by statutory definition, a public record.[15] As we found in Division 1 (a), the MUPD is not a public office or agency, so its documents cannot be considered public records under this test. However, the Open Records Act also provides that, if the document does not meet the statutory definition but was nonetheless received or maintained by a private person or entity "on behalf of " or "in the performance of a service or function for or on behalf of " a public office or agency, then the document is subject to disclosure.[16]

Barrett & Farahany contends that, even if the MUPD is a private entity, its documents are public records because it received or maintained the documents on behalf of a public office or agency or in the performance of a service or function on behalf of a public office or agency. Specifically, Barrett & Farahany argues that the MUPD is required to report incidents of criminal gang activity which occur on or adjacent to the campus to the Georgia Bureau of Investigation and local law enforcement agencies.[17] Thus, the MUPD maintains records on behalf of a public office or agency. We find no merit to this contention.

The gang activity statutes cited by Barrett & Farahany simply require campus police to report gang activity; they do not require campus police to receive or maintain any specific documents. In addition, although the Campus Policemen Act[18] and the Georgia Peace Officer Standards and Training Act[19] impose a certification requirement on campus police, they do not create requirements that campus police agencies receive or maintain any specific documents. The record is devoid of any evidence that MUPD officers receive or maintain any documents on behalf of a public office or agency or receive or maintain any documents in the performance of a service or function on behalf of a public office or agency. The record clearly

---

[14] See OCGA § 50-18-70 (a).
[15] Id.
[16] Id.
[17] See OCGA §§ 16-15-3; 20-8-6.
[18] OCGA § 20-8-1 et seq.
[19] OCGA § 35-8-1.

shows that MUPD officers work solely for Mercer University, a private institution, and that any documents received or maintained by the MUPD are received or maintained strictly on behalf of Mercer University.

The statutory language simply does not provide this Court with the authority to compel entities that are private, but are granted the authority to perform public functions, to disclose their records. Contrary to Barrett & Farahany's argument and the trial court's analysis, simply performing some task or function that has an indirect public benefit, or which aids the public as a whole, does not transform a private entity's records into public records. In every case where the court has determined that a private entity's documents are public records, the court's ruling has hinged on a factual finding that the private entity carried out some public purpose at the express request of a public office or agency.[20] Here, there is no evidence that any public office or agency has expressly requested the MUPD to perform a service or function on its behalf. The MUPD does not report to any public office or agency, and no public office or agency has the right to inspect or review MUPD documents.

Moreover, the purpose of the Open Records Act, to encourage public access to such information in order that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions,[21] is not fostered by requiring the MUPD to make its documents open to the public. The MUPD is not a governmental entity. It is not, nor has it ever been, a branch of the local, county or state police. It does not perform any activities on behalf of any governmental agency. And, it is not funded with public money.

The trial court erred in finding that the MUPD documents were subject to the Georgia Open Records Act, and we, therefore, reverse the trial court's order. In so ruling, we acknowledge the potential public benefit of requiring disclosure in a case such as this. Indeed, the General Assembly has acknowledged that police records similar to the documents requested in this case are public records to be disclosed by state and local police agencies in accordance with the

---

[20] See *Dept. of Human Resources v. Northeast Ga. Primary Care*, 228 Ga. App. 130 (491 SE2d 201) (1997) (reviewing relevant Open Records Act case law and noting that the Act has been applied to private entities where public agencies have delegated their official responsibilities and authority); *Northwest Ga. Health System v. Times-Journal, Inc.*, 218 Ga. App. 336 (461 SE2d 297) (1995) (nonprofit corporations that contractually agreed to operate public hospital authority assets for the public good became the vehicle through which the public hospital authorities carried out their official responsibilities); *Clayton County Hosp. Auth. v. Webb*, 208 Ga. App. 91 (430 SE2d 89) (1993) (private corporations functioned under the direction and control of the public authority to implement the authority's duty to provide for the public health).

[21] See *McFrugal Rental of Riverdale v. Garr*, 262 Ga. 369 (418 SE2d 60) (1992).

Open Records Act.[22] The public importance of disclosing police records is just as high when the officers at issue, although not state and local police officers, are authorized to perform and often do perform the same functions as the state and local police officers. This, however, is a matter best left for the legislature to consider.

2. Mercer University also contends that the trial court erred by basing its declaratory judgment on erroneous findings of fact for which there is no evidentiary support. Based on our holding in Division 1 reversing the trial court's order, this enumeration of error is rendered moot.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 3, 2005 —

*Magill & Atkinson, Thomas E. Magill, Catherine D. Stone*, for appellants.

*Barrett & Farahany, Amanda A. Farahany*, for appellee.

*King & Spalding, Letitia A. McDonald, Alan A. Stevens, F. T. Davis, Jr.*, amici curiae.

---

[22] See OCGA §§ 50-18-70; 50-18-72.