A10A2118. CITY OF CARROLLTON v. THE INFORMATION
AGE, INC.

(703 SE2d 431)

JOHNSON, Judge.

On September 9, 2009, The Information Age, Inc. submitted a request to the City of Carrollton to inspect 13 categories of documents pursuant to what is commonly known as the Georgia Open Records Act.[1] The City made records available under three of the requests, responded that it had no records responsive to six of the requests, and responded that it found the remaining four requests to be "vague" and "overly broad and unduly burdensome."

After the City refused to provide access to public records in response to the four allegedly improper requests, The Information Age filed a complaint with the Superior Court of Carroll County. Following a hearing, the trial court (i) ordered the City to make documents responsive to the four requests available to The Information Age, with The Information Age bearing the costs of production as provided by the Open Records Act, and (ii) awarded $1,750 in attorney fees to The Information Age based on the City's violation of the Open Records Act without substantial justification. The City appeals, but we find no error and affirm.

A trial court is vested with discretion in determining whether to allow or prohibit inspection of documents under the Open Records Act, and we will review a trial court's decision in that regard for an abuse of discretion.[2] Similarly, the decision to award attorney fees under the Open Records Act is reviewed for an abuse of discretion.[3] Finally, a trial court's factual findings shall not be set aside unless clearly erroneous, and we will construe the evidence to support the trial court's judgment.[4]

---

[1] OCGA § 50-18-70 et seq.

[2] *Fulton DeKalb Hosp. Auth. v. Miller & Billips*, 293 Ga. App. 601, 602 (1) (667 SE2d 455) (2008).

[3] *Felker v. Lukemire*, 267 Ga. 296, 299 (3) (477 SE2d 23) (1996).

[4] *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870 (549 SE2d 830) (2001).

So viewed, the record shows that the Open Records Act request was sent by The Information Age to the City on September 9, 2009. The four requests at issue sought access to "public records regarding":

> 1. All non-health related insurance claims filed by the City of Carrollton since October 1, 2008;
> 2. All non-health related insurance claims filed against the City of Carrollton since October 1, 2008;
> 3. All non-health related insurance payments to the City of Carrollton as a result of insurance claims since October 1, 2008; [and]
> 4. All non-health related insurance payments to anyone from the City of Carrollton's insurance since October 2008[.]

As to each of these requests, the City responded that it found "this individual request overly broad and unduly burdensome. This individual request is also vague and causes the City to speculate as to the meaning of 'non-health related insurance claims.' Accordingly, the City possesses no records responsive to this request."

At the hearing before the trial court, The Information Age claimed (and the City did not dispute) that after receiving the City's written response, its president separately contacted the City's clerk, attorney, and manager; and each of them said the City would not be providing access to any documents pursuant to the requests at issue. The Information Age also asked the Carrollton City Council to address the matter during a public comments portion of a Council meeting. On February 8, 2010, The Information Age filed the complaint that serves as the basis for this appeal.

1. While the City seeks to argue the legal issue of whether a party can be found in violation of the Open Records Act when a request is overly broad, that is not the case that is brought before us.[5] Here, the trial court found that there was nothing vague about the requests at issue, but rather that they were as "plain as day" and "self-explanatory." The trial court also found that it would not be a burden for the City to provide access to the requested public records, especially since it could charge The Information Age the costs of

---

[5] We note that the Supreme Court of Georgia has held that the custodian of public records is required to "provide reasonable access to the files that are sought[,]" but need not "comb through his files in search of documents sought by a public citizen." *Felker*, supra.

providing such access. These findings of fact were supported by the evidence, and we will not disturb them.[6]

2. The City also claims the trial court erred in awarding The Information Age $1,750 in attorney fees. OCGA § 50-18-73 (b) provides that a trial court "shall" award "reasonable attorney's fees and other litigation costs reasonably incurred" if it determines that a "party acted without substantial justification" in not complying with the Open Records Act "unless it finds that special circumstances exist." Here, the City does not submit that the amount awarded was unreasonable or excessive, but only that it was error to award attorney fees at all. The record, however, contains no evidence that the court has abused its discretion in making the award of attorney fees, and we find that this enumeration is without merit.[7]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 22, 2010 — 

*Smith, Diment & Conerly, Charles S. Conerly*, for appellant.
*Gary P. Bunch*, for appellee.

---

[6] See *Claxton Enterprise*, supra.

[7] *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19, 21 (311 SE2d 806) (1984).