28975. FIDELITY INVESTMENT CO. *et al. v.* ANDERSON
*et al.*

DECIDED OCTOBER 17, 1941.

*Ezra E. Phillips,* for plaintiffs. *Victor K. Meador,* for defendants.

MACINTYRE, J. The Fidelity Investment Company and W. M. Ragsdale filed suit against N. A. Anderson, P. H. Ryals, J. L. Plant, P. K. Burkholder, and Gordon H. Drane in the civil court of Fulton County. The defendants filed an answer to which the plaintiffs filed general and special demurrers. Before the judge passed on these demurrers the defendants notified the plaintiffs of their intention to take the deposition of W. M. Ragsdale, one of the plaintiffs, and at the same time notified Fidelity Investment Company, the other plaintiff, to produce certain documentary evidence before the commissioner on the taking of the deposition. Ragsdale refused to testify and the plaintiffs refused to produce

the documentary evidence on the ground that the pleadings had not been perfected and the issues fixed and determined so that a decision could be reached as to whether the testimony sought or the documents called for would be admissible, material, pertinent, or relevant. A contempt rule was served, and when the same came on for a hearing a motion was made to quash it. This motion was overruled and the ruling was affirmed by the appellate division of the civil court. The plaintiffs excepted.

The Code, § 38-2301, provides in part that "either party litigant in any court of record" may take the deposition of any witness or witnesses on giving five days' notice to the other party of the time and place, with the names of the witnesses. "Before depositions can be taken under this section [Code, § 38-2301], there must be a joinder of issue, or some issue must be raised by the pleadings." *Really Construction Co.* v. *Freeman,* 174 *Ga.* 657, 659 (163 S. E. 732). "Except where statutes otherwise provide, the application [to take deposition] ordinarily may be made only in a pending action after issue is joined and before trial." 26 C. J. S. 834, § 33 (b). See also 16 Am. Jur. 706, § 19. "The history of every suit is comprehended in three stages: its institution, its pendency, and its determination. When once instituted it is thenceforward pending, in every instant of time, until finally disposed of. As expressed by the superior court of New Hampshire, the term 'pending' means nothing more than 'remaining undecided.'" State *v.* Killoren, (Mo.), 229 S. W. 1097, 1099. "A party litigant is a party engaged in a pending suit." Black's Law Dictionary. See Code, §§ 38-2101, 38-2201. Thus, in a case where a petition is filed and there is an answer thereto, and demurrers are filed to the answer, the proceedings to take the deposition of one of the plaintiffs in behalf of the defendants, and the notice to the other plaintiff to produce certain documents to be used in the examination of such witness, were not improper under the Code, § 38-2301, supra, "for the reasons that there was pending in the case a demurrer to the plea and answer filed by the defendants which had not been disposed of at the time the notice to take depositions and to produce was served, and at the time set for the taking of the depositions and the production of the documents" as contended by the plaintiffs. The judge did not err in overruling the motion to quash the contempt rule.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*