## 46301. PARKER v. LEE et al.
(378 SE2d 677)

BELL, Justice.

This appeal concerns whether investigatory files in a criminal prosecution must be disclosed under the Open Records Act, OCGA § 50-18-70 to § 50-18-75,[1] when a murder conviction and death sentence

---

[1] We apply these code sections as they exist after their 1988 amendment, Ga. Laws 1988, pp. 243-250, effective March 15, 1988. We do so because the amendment does not affect the result we would reach applying the Open Records Act as it existed before the amendment.

resulting from the prosecution have been affirmed on appeal, but a rape conviction has been reversed on a ground that leaves the state free to retry the defendant. We find that under the circumstances of this case the possible retrial of the defendant does not warrant non-disclosure of the investigatory files.

In 1984 the appellant, Byron Parker, was tried and convicted in Douglas Superior Court for murder and rape. He was sentenced to death. On direct appeal this court affirmed Parker's murder conviction and death sentence but reversed his conviction of rape for a reason that leaves the state free to retry Parker therefor. *Parker v. State*, 256 Ga. 543 (350 SE2d 570) (1986).

Parker then filed a petition for habeas corpus, attacking the validity of his murder conviction and death sentence. To assist him with his habeas petition, Parker asked the appellees, the Sheriff and District Attorney of Douglas County, to permit him access to the appellees' investigatory files. The appellees denied Parker access. Parker has now filed this suit under the Open Records Act, requesting injunctive relief compelling the appellees to grant Parker access to the criminal investigatory files. The court denied Parker's request for relief on the ground that Parker's indictment for rape is outstanding. The court relied on *Napper v. Ga. Television Co.*, 257 Ga. 156, 160 (356 SE2d 640) (1987), and OCGA § 50-18-72 (a) (4) to reach this conclusion. However, we find that, under the circumstances of this case, the court erred in ordering non-disclosure for the reason given by that court.

1. We will first examine the relevant provisions of the Open Records Act. OCGA § 50-18-70 (b) sets forth the general rule that public records[2] must be open for inspection. It provides as follows:

> All state, county, and municipal records, except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen.

The General Assembly, in OCGA § 50-18-72, set forth certain types of records that are exempt from the disclosure requirement of § 50-18-70 (b). OCGA § 50-18-72 (a) (4) exempts from disclosure the following records:

---

[2] The parties do not dispute that the criminal investigatory records in question are public records within the meaning of the Open Records Act. See *Napper v. Ga. Television Co.*, 257 Ga. 156 (356 SE2d 640) (1987); *Houston v. Rutledge*, 237 Ga. 764 (229 SE2d 624) (1976).

Records of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity, other than initial police arrest reports, accident reports, and incident reports; provided, however, that an investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving said investigation and prosecution has become final or otherwise terminated.

The final relevant provision of the Open Records Act is § 50-18-72 (f). It provides that the exceptions to disclosure created by § 50-18-72 should be interpreted narrowly.

2. We now turn to an analysis of *Napper*, supra, 257 Ga. At the outset we note that *Napper* was decided in 1987, before the enactment of § 50-18-72 (a) (4). In *Napper*, the Georgia Television Company, d/b/a WSB-TV, and other news organizations were seeking access pursuant to the Open Records Act to the police investigatory files in the murder cases of Wayne Williams, see *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983). Napper, the Commissioner of Public Safety for the City of Atlanta and the custodian of the files, contended that Georgia Television was not entitled to the files, arguing that Williams was attacking his convictions through habeas corpus and that disclosure would impede the state's retrial of Williams in the event Williams' convictions were reversed. We disagreed with this argument. In this regard we adopted the federal rule that a law-enforcement proceeding, to justify non-disclosure of a public record, must be an imminent adjudicatory proceeding of finite duration. *Napper*, supra, 257 Ga. at 163-164, discussing *Nat. Labor Relations Bd. v. Robbins Tire &c. Co.*, 437 U. S. 214 (98 SC 2311, 57 LE2d 159) (1978). We noted that Williams' habeas corpus proceeding could last indefinitely, and for that reason, concluded that the possibility of a retrial if Williams' convictions were reversed on habeas could not justify non-disclosure of the public records, as such an exception would defeat the purpose of the Open Records Act. We therefore held "that once the trial has been held, the conviction affirmed on direct appeal, and any petition or petitions for certiorari denied . . . , the investigatory file in the case should be made available for public inspection." 257 Ga. at 165.

3. In the instant case, the court in which Parker sought an injunction reasoned that because Parker's rape conviction had not been "affirmed on direct appeal," *Napper*, supra, 257 Ga. at 165, the records in question related to a pending prosecution within the meaning of § 50-18-72 (a) (4). We disagree with the court's interpretation of the meaning of "pending prosecution."

4. Several rules of statutory construction are pertinent to our in-

quiry regarding the meaning of the phrase "pending prosecution." First, the General Assembly is presumed to enact statutes with full knowledge of existing law, including judicial decisions. Accordingly, courts should construe statutes in connection and harmony with existing judicial decisions where possible. *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (1) (327 SE2d 188) (1985). Moreover, courts should always strive to give effect to the purpose and intent of the legislature, *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185, 186 (317 SE2d 816) (1984), and in construing a particular portion of an act courts should construe that portion of the act in view of the legislative intent found in the act as a whole, *Ford Motor Co. v. Carter*, 239 Ga. 657, 660-661 (238 SE2d 361) (1977). Finally, in the instant case, we have a specific admonition by the General Assembly to construe § 50-18-72 (a) (4) narrowly.

*Napper*, supra, 257 Ga., was decided in 1987. In the 1988 session of the General Assembly, the legislature amended the Open Records Act, creating the pending-prosecution exemption of § 50-18-72 (a) (4). We based our decision in *Napper* on the premise that prosecutions that might occur at an indefinite future date could not justify non-disclosure of public records, because such an exception would defeat the purpose of the Open Records Act. Our holding in *Napper* that investigatory files should be made available for inspection upon the end of direct litigation was adjusted to the specific facts of that case, and was not meant as the only example of when a possible prosecution would not justify non-disclosure of public records.

Construing § 50-18-72 (a) (4) consistently with *Napper*, and in a narrow fashion so as not to defeat the overriding purpose of the Open Records Act, which is to encourage the evaluation of and to foster confidence in our government by providing access to public records, we hereby interpret the pending-prosecution exemption of § 50-18-72 (a) (4) to refer to imminent adjudicatory proceedings of finite duration. Moreover, we construe the last phrase of that exemption as but one example of when a prosecution should not be considered "pending" for purposes of the exception.

5. Applying this construction of § 50-18-72 (a) (4) to the instant case, we conclude that the appellees, to prevail in preventing disclosure, had the burden to show that Parker's retrial for rape is imminent and of a finite duration. We conclude that the appellees did not carry the foregoing burden.

Parker currently stands convicted of murder and is under a death sentence for the criminal activity that resulted in the rape charge. The state, therefore, has no incentive to retry Parker for the rape charge unless the murder conviction is also overturned, and the state, in the more than two years since the rape conviction was reversed, has evidenced no intent to retry Parker on that charge. Moreover, at

the hearing below the appellees made no showing that Parker would be prosecuted in the near future. Thus, the rape charge against Parker, like the habeas-corpus petition in *Napper*, could remain pending for an "indeterminate duration," id. at 165.[3] We thus conclude that the appellees failed to carry their burden of showing an imminent proceeding on the rape charge against Parker.

For the foregoing reasons we conclude that the court in which Parker sought access to the investigatory files erred in concluding that the pending rape charge was a valid reason to prevent access to the files.

6. The appellees also argue that Parker has no right of access to the files prepared in his case because the public interest is not served by disclosure to a private individual, as opposed to a news organization. We disagree. OCGA § 50-18-70 (b) provides that public records "shall be open for a personal inspection by any citizen of this state," and that "those in charge of such records shall not refuse this privilege to any citizen." We thus find no reason to distinguish Parker's (or any other individual citizen's) right of access from news organizations' right of access.

7. For the foregoing reasons this case must be remanded. On remand the court is free to consider whether the records in question should not be available for inspection based on any exception not yet addressed by the court.

*Judgment reversed and remanded. All the Justices concur, except Marshall, C. J., and Smith, J., who dissent.*

MARSHALL, Chief Justice, dissenting.

I respectfully dissent.

In my opinion, the Open Records Act, OCGA § 50-18-70 to § 50-18-75, has no application to this case.

1. *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), provides a method by which the appellant could obtain any exculpatory material to aid him in his petition for habeas corpus.

2. I cannot agree with the majority's conclusion in its interpretation of § 50-18-72 (a) (4) and *Napper v. Ga. Television Co.,* 257 Ga. 156 (356 SE2d 640) (1987). The Code section in part provides that a prosecution "shall no longer be deemed to be pending when *all direct litigation involving said investigation and prosecution has become fi-*

---

[3] We note that the seven-year statute of limitation for rape OCGA § 17-3-1 (b), runs only until an indictment is returned; the time of trial does not determine whether the statute has run. *Hall v. Hopper,* 234 Ga. 625, 626 (1) (216 SE2d 839) (1975); *Peavy v. State,* 179 Ga. App. 397 (1) (346 SE2d 584) (1986). Here, because the state has indicted Parker for rape, the state can actually retry Parker on that charge more than seven years from the time the statute began to run (June 1984). Thus, the state is free to wait until the outcome of Parker's habeas petition before deciding whether to reprosecute Parker for rape.

*nal or otherwise terminated.*" (Emphasis supplied.) As long as the state is free to retry Parker for rape, the investigation and prosecution cannot, by any interpretation, be "final or otherwise terminated."

I am authorized to state that Justice Smith joins in this dissent.

DECIDED MAY 4, 1989.

*Troutman, Sanders, Lockerman & Ashmore, Elizabeth Finn Johnson, Sibley & Austin, Wiley A. Branton, Richard E. Young, Vincent E. Prada,* for appellant.

*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney,* for appellees.