### S92A0509. McFRUGAL RENTAL OF RIVERDALE, INC. v. GARR et al.

(418 SE2d 60)

CLARKE, Justice.

McFrugal Rental of Riverdale, Inc. sought to inspect the minutes of the Riverdale City Council meetings, zoning maps, and ordinances of the City of Riverdale.[1] Gerald B. Garr, the Riverdale City Manager, responded that McFrugal would be allowed to inspect the records upon payment of a $13.62 per hour fee to cover the cost of a temporary employee to supervise McFrugal. McFrugal then brought this action to enforce compliance with the provisions of the Open Records Act, OCGA § 50-18-70 et seq. ("the Act"). The trial court determined that McFrugal had not met its burden of proof and denied all relief. For the reasons that follow, we vacate the judgment and remand for further proceedings.

The purpose of the Open Records Act is to encourage public access to government information and to foster confidence in government through openness to the public. *Athens Observer v. Anderson*, 245 Ga. 63 (263 SE2d 128) (1980). There is no dispute that the records sought by McFrugal are public records as defined by the Act.[2] None of the Act's exceptions to the disclosure requirement apply. See OCGA § 50-18-72.

OCGA § 50-18-71 makes provisions for the custodian of public records to charge a fee to members of the public who seek access to public records. By its nature, any fee imposed pursuant to OCGA § 50-18-71 constitutes a burden on the public's right of access to public records. Therefore, the statute must be narrowly construed. As we construe the statute, the imposition of a fee is allowed only when the citizen seeking access requests copies of documents or requests action by the custodian that involves an unusual administrative cost or burden. Thus, a fee may not be imposed under OCGA § 50-18-71 when a citizen seeks only to inspect records that are routinely subject to public inspection, such as deeds, city ordinances or zoning maps. Further,

[1] McFrugal's request also sought access to other unspecified documents. That portion of the request is too vague to constitute a request to inspect public records.

[2] The provisions of OCGA § 50-14-1 et seq., the Open and Public Meetings Act apply to the minutes of the City Council Meetings. After minutes of meetings have been recorded, they become public records that are subject to the provisions of the Open Records Act as well.

the custodian of the records must bear the burden of demonstrating the reasonableness of any fee imposed. Compare *Napper v. Ga. Television Co.*, 257 Ga. 156 (356 SE2d 640) (1987) (burden on custodian to explain denial of access).

Because we had not squarely dealt with this issue previously, the trial court did not require the City Manager to present evidence justifying the fee imposed. The record does not contain sufficient evidence for this court to determine whether supervision of McFrugal is necessary or to determine whether the fee is reasonable. We therefore vacate the judgment and remand this action for further proceedings consistent with this opinion.

*Judgment vacated and remanded. All the Justices concur, except Sears-Collins, J., not participating.*

DECIDED JULY 16, 1992.

*Rebecca Speir Merry*, for appellant.
*Glaze, Fincher & Brakefield, Steven M. Fincher, David J. Worley*, for appellees.