A94A0586, A94A0587. CITY OF BRUNSWICK et al. v. ATLANTA JOURNAL & CONSTITUTION et al.; and vice versa.
(447 SE2d 41)

BLACKBURN, Judge.

On September 13, 1993, the appellees, the Atlanta Journal and the Atlanta Constitution, Hyde Post, the assisting managing editor of the Atlanta Journal-Constitution, Florida Publishing Company d/b/a the Florida Times-Union, and Terry Dickson, Brunswick Bureau Chief of the Florida Times-Union (hereinafter referred to collectively as the newspapers), filed the instant petition for injunctive[1] relief against the City of Brunswick, Georgia, and T. C. Cowan, its acting chief of police (collectively referred to as the City of Brunswick), seeking access under Georgia's Open Records Act to incident reports maintained by the City on a series of sexual assaults committed dur-

---

[1] Normally an action for injunctive relief is brought to enjoin a party from doing an act which results in harm to another. Inasmuch as the newspapers seek to compel the City of Brunswick to provide access to certain incident reports, a declaratory action may have been more appropriate. See generally *Pangle v. Gossett*, 261 Ga. 307 (404 SE2d 561) (1991). However, the parties did not raise this issue for appellate review.

ing the summer of 1993. The City denied requests made by reporters of both newspapers for access to the reports, asserting at that time and in response to the instant petition that the reports were exempt from disclosure under OCGA § 50-18-72 (a) (3) and (4) because disclosure would reveal confidential investigative material and would endanger the lives of the assault victims.

Pursuant to the newspapers' request for an immediate injunction, a hearing was held on September 24, 1993. At the hearing, the trial court heard arguments from all parties, conducted an in camera inspection of the incident reports, and heard evidence from the City outside of the presence of the newspapers' representative in support of the City's contention that the reports were exempt from disclosure.[2] Based upon the inspection of the documents and the evidence received ex parte, the trial court, ruling from the bench in open court, concluded that incident reports could be exempt from disclosure under OCGA § 50-18-72 if disclosure would reveal confidential sources or confidential investigative material or endanger public safety. As a result, the trial court ordered the City to redact portions of the reports which the court determined would compromise criminal investigation or endanger public safety, and to prepare edited reports excluding the exempted information. Reports which the City conceded were not exempt from disclosure were voluntarily provided to the newspapers by the City following the removal of information identifying the assault victims. The reports containing exempted information were subsequently sealed by the court.

In its subsequently written order of October 6, 1993, in addition to affirming its earlier ruling, the court amended the ruling to require the City to disclose the ages of the assault victims and descriptions of the alleged perpetrators based upon the fact that this information was already in the public arena as a result of the publication of two articles by the Florida Times-Union. The information contained in the articles had been received from an independent source.

The City initially appealed the bench ruling and the October 6, 1993, order of the trial court to the Supreme Court, and a cross-appeal was subsequently filed by the newspapers. Thereafter, the Supreme Court transferred both appeals to this court for appellate review under the authority of *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).[3]

---

[2] Simultaneously with the filing of its answer, the City moved the court to conduct the in camera inspection of the documents and hear all testimony on this issue ex parte, outside of the presence of the newspapers and their respective representatives as well as the general public.

[3] The City subsequently filed a motion to stay the enforcement of the injunction and the motion was denied by the trial court. The Supreme Court, however, granted the City's motion for supersedeas pending the appeal.

*Case No. A94A0586*

1. Initially, the City asserts that the trial court erred as a matter of law in requiring the production of any portion of the incident reports after the court determined that portions of the records were excluded under OCGA § 50-18-72 (a) (3). However, as the Supreme Court stated in *Hardaway Co. v. Rives*, 262 Ga. 631, 634 (422 SE2d 854) (1992), OCGA § "50-18-72 . . . directs a narrow construction of its exclusions, exempting *only* that *portion* of a public record to which an exclusion is *directly* applicable." (Citations and punctuation omitted.) See also OCGA § 50-18-72 (g). "The purpose of the Open Records Act is to encourage public access to government information and to foster confidence in government through openness to the public. [Cit.]" *McFrugal Rental of Riverdale v. Garr*, 262 Ga. 369 (418 SE2d 60) (1992). To exclude the entire document because it contains exempted material "would be unresponsive to the legislative intent underlying the Open Records Act." *Hardaway Co.*, supra at 634.

2. Next, the City maintains that the trial court erred in relying upon hearsay statements contained in the Florida Times-Union newspaper articles to amend its bench ruling and require the disclosure of various information contained in the articles. The City asserts that the statements made by out-of-court declarants lacked probative value and should not have been considered by the court. We disagree.

"As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made. Assuming that the proof is limited to merely showing that the statement was made and not as evidence of the truth of the fact asserted in the statement, the statement is admissible as original evidence and does not concern the hearsay rule." (Citations and punctuation omitted.) *Fletcher v. Ford*, 189 Ga. App. 665, 667 (1) (377 SE2d 206) (1988).

In the case sub judice, the newspaper articles were not offered for the truth of the statements contained therein, but were offered for the purpose of showing that the need for confidentiality no longer existed because the information had been disclosed. Accordingly, the City's assertion is without merit.

*Case No. A94A0587*

3. In their cross-appeal, the newspapers contend that the trial court erred in concluding that incident reports may be withheld from production notwithstanding the language contained in OCGA § 50-18-72 (a) (4). The Code section specifically provides that disclosure is not required for public records that are "[r]ecords of law enforce-

ment, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity, other than initial police arrest reports, accident reports, and incident reports. . . ." While subsection (a) (4) specifically excludes police reports from exemption from disclosure, subsection (a) (3) of OCGA § 50-18-72 provides for the exemption from disclosure of records compiled for law enforcement or prosecution to the extent that the production of the documentation would disclose confidential sources, confidential investigative or prosecution material which would endanger the life or safety of individuals or disclose confidential surveillance or investigation.

In determining whether the incident reports are subject to disclosure in light of OCGA § 50-18-72 (a) (3) and (4), we must interpret these provisions in view of the long recognized principles of statutory construction, keeping in mind that the cardinal rule is to ascertain the intention of the legislature and to effectuate the purpose of the statute. *Five Star Steel Contractors v. Colonial Credit Union*, 208 Ga. App. 694, 696 (431 SE2d 712) (1993). "Statutes must be construed as well so as to square with common sense and sound reasoning. It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." (Citations and punctuation omitted.) Id. Moreover, " 'where possible, "effect is to be given to all the words of a statute." (Cit.)' [Cit.]" *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123, 125 (430 SE2d 13) (1993).

Applying these well-settled rules to the statutes in question, we must agree with the trial court that incident reports can be exempted from disclosure if disclosure would reveal confidential information or endanger the lives of various individuals. Consequently, the trial court did not err in its interpretation of the two statutory provisions.

4. In their last two enumerations of error, the newspapers argue that the trial court erred in conducting the hearing ex parte and excluding the newspapers' representatives as well as the press and public from a portion of the hearing. They further assert that they were denied an opportunity to be heard. Contrary to the newspapers' contention, they were not denied an opportunity to be heard and in fact were provided an adequate opportunity to argue their positions. In addition, the Supreme Court's decision in *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576 (292 SE2d 815) (1982), relied upon by the newspapers, is inapplicable inasmuch as *Lumpkin* involved closure of pretrial hearings and trials in criminal cases. More importantly, the newspapers have not shown that they have been harmed by the trial court's decision to conduct a portion of the proceeding ex parte inasmuch as the City was ordered to produce copies of incident reports previously requested by the newspapers without the identifying infor-

mation of the victims which the newspapers admittedly did not want. "It is an old and sound rule that error to be reversible must be harmful." (Citations and punctuation omitted.) *Kolman, Inc. v. Burns*, 191 Ga. App. 758, 759 (382 SE2d 702) (1989). Even assuming arguendo that the trial court erred in conducting an ex parte hearing, the cross-appellants have shown no harmful error warranting reversal.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 9, 1994 —
RECONSIDERATION DENIED JULY 27, 1994 — 

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland*, for appellants.

*Dow, Lohnes & Albertson, Peter C. Canfield, James W. Kimmell, Jr., Hull, Towill, Norman & Barrett, David E. Hudson, James B. Ellington, C. Amanda Martin, Douglas G. Ashworth*, for appellees.