S94G1794, S94G1824. ATLANTA JOURNAL & CONSTITUTION et al. v. CITY OF BRUNSWICK et al.; and vice versa.

(457 SE2d 176)

CARLEY, Justice.

The Atlanta Journal & Constitution and the Florida Times-Union (Newspapers) requested that the police department of the City of Brunswick (City) provide access to certain incident reports. When the requests were denied, the Newspapers brought suit under the Open Records Act (Act). After the initial hearing, the trial court conducted an ex parte hearing wherein evidence from the City was heard outside of the presence of the Newspapers' representatives. Thereafter, the trial court ruled that the reports were exempted from disclosure to the extent that disclosure would reveal confidential sources or endanger public safety. The City appealed, contending that the trial court's ruling was too broad, and the Newspapers cross-appealed, contending that the trial court's ruling was too narrow. The Court of Appeals affirmed. *City of Brunswick v. Atlanta Journal & Constitution*, 214 Ga. App. 150 (447 SE2d 41) (1994). We granted the petitions for certiorari to determine the extent to which records, which are otherwise non-exempt from disclosure under the provisions of OCGA § 50-18-72 (a) (4), are exempted from disclosure under the provisions of OCGA § 50-18-72 (a) (3).

1. OCGA § 50-18-72 (a) (3) provides, in relevant part, that, "[e]xcept as otherwise provided by law," public disclosure shall not be required for

> records compiled for law enforcement or prosecution purposes to the extent that production of such records would disclose the identity of a confidential source, disclose confidential investigative or prosecution material which would endanger the life or physical safety of any person or persons, or disclose the existence of a confidential surveillance or investigation. . . .

OCGA § 50-18-72 (a) (4) provides, in relevant part, that public disclosure shall not be required for

> [r]ecords of law enforcement, prosecution, or regulatory agencies in any *pending investigation or prosecution* of criminal or unlawful activity, *other than* initial police arrest

reports, accident reports, and incident reports . . . .

(Emphasis supplied.)

Thus, both subsections (a) (3) and (a) (4) of OCGA § 50-18-72 address the exemption of law enforcement and prosecution records from public disclosure. Subsection (a) (3) narrowly exempts the disclosure of such records to the extent they contain certain specified "confidential" information which the law does not "otherwise" require to be disclosed. The focus of subsection (a) (4), however, is not upon the specific type of information contained in law enforcement and prosecution records. That subsection broadly exempts from disclosure the entirety of such records to the extent they are part of a "pending investigation or prosecution" and cannot otherwise be characterized as the initial arrest, accident or incident report.

Thus, the two subsections have different purposes and establish different disclosure exemptions. If a law enforcement or prosecution record does not contain the "confidential" information exempted from disclosure by subsection (a) (3), it may still be part of a "pending investigation or prosecution" and, thus, exempted from disclosure in its entirety by subsection (a) (4). Conversely, if such a record is not part of a pending investigation or prosecution and exempted from disclosure in its entirety by subsection (a) (4), it may still contain "confidential" information exempted from disclosure by subsection (a) (3).

Consistent with this statutory scheme, the entirety of an initial arrest, accident or incident report would not be exempted from disclosure under subsection (a) (4), even if that report is part of a "pending investigation or prosecution." Contrary to the City's contention, this result is compelled by the express language of subsection (a) (4), whereby such a report is excluded from the broad disclosure exemption established therein. "To exclude the entire document because it contains exempted material 'would be unresponsive to the legislative intent underlying the . . . Act.' [Cit.]" *City of Brunswick v. Atlanta Journal & Constitution*, supra at 152 (1). However, nothing in subsection (a) (4) requires disclosure of that report to the extent that it contains "confidential" information exempted from disclosure by subsection (a) (3). Contrary to the Newspapers' contention, if the entirety of the report were automatically required to be disclosed simply because it was not exempted by subsection (a) (4), then the narrow exemption for "confidential" information established by subsection (a) (3) would be rendered meaningless. " ' "[W]here possible, 'effect is to be given to all the words of a statute.' (Cit.)" (Cit.)' [Cit.]" *City of Brunswick v. Atlanta Journal & Constitution*, supra at 153 (3).

It follows that the Court of Appeals correctly affirmed the trial court's ruling that the incident reports are exempted from disclosure

to the extent they contain the type of confidential information specified in subsection (a) (3) of OCGA § 50-18-72.

2. This is not a case wherein the entire proceedings were conducted ex parte. The ex parte hearing was conducted only after the initial hearing wherein the Newspapers were represented and were afforded the opportunity to be heard on the statutory construction issue. The apparent purpose of the ex parte hearing was merely to determine the extent to which the reports might contain such "confidential" information as would be exempted from disclosure under subsection (a) (3) of OCGA § 50-18-72 and should be edited to prevent the disclosure of such "confidential" information.

When a party has a legitimate interest in preventing the disclosure of "confidential" information, this court has recognized that an ex parte hearing on that issue may be necessary and that such a hearing can be conducted, so long as all other issues are heard in the presence of the opposing party. See *Brooks v. State*, 259 Ga. 562, 566 (2) (385 SE2d 81) (1989). Considering that the topic of the ex parte hearing in the instant case was limited to a determination of the "confidential" information which would be exempted from public disclosure under the Act, it would be anomalous to hold that the Newspapers were entitled to participate in making that determination. To establish the applicability of an exemption from disclosure for "confidential" information under the Act might well require the production of evidence which, if heard in open court or in the presence of counsel for the opposing party, would violate that very exemption. See *Salcines v. Tampa Television*, 454 S2d 639, 641 (Fla. App. 1984).

It follows that the Court of Appeals correctly found that the trial court committed no reversible error by conducting the ex parte hearing.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1995.

*Dow, Lohnes & Albertson, Peter C. Canfield, James W. Kimmell, Jr., Hull, Towill, Norman & Barrett, David E. Hudson, James B. Ellington, Douglas G. Ashworth,* for appellants.

*Dickey, Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for appellees.