## S00A0259. HOWARD v. SUMTER FREE PRESS, INC.
### (531 SE2d 698)

HINES, Justice.

Sumter Free Press, Inc., brought a petition for mandamus against Sumter County Sheriff, Randy Howard, to compel his compliance with the Open Records Act, OCGA § 50-18-70 et seq. The newspaper alleged that since February 25, 1999, Sheriff Howard refused it access to all public records created and maintained by Howard for the Sumter County Sheriff's Office and the Sumter County Law Enforcement Center. It further maintained that on or about April 17, 1999, it requested examination of records pertaining to the sheriff's "inmate telephone account," and was informed that retrieval fees of more than $400 and other charges would be assessed for examination of the records, in violation of the spirit and intent of OCGA § 50-18-71 (d).

The Superior Court of Sumter County granted mandamus, directing Sheriff Howard to comply with the provisions of the Open Records Act and also awarded the newspaper $2,000 in attorney fees plus court costs. The court found that Howard had withheld the information because the newspaper had published articles critical of him and members of his family. We affirm the grant of mandamus.[1]

1. Howard contends that the superior court erred in finding that he violated the Open Records Act because he responded to certain written open records requests that were "bona fide" and that there was no evidence that the verbal requests made by the newspaper were requests for records under the Act. But the contention is unavailing.

The Open Records Act, OCGA § 50-18-70 et seq., permits any citizen of this state to inspect public records of an agency, as defined in OCGA § 50-18-70 (a), except those which are prohibited or exempted

---

[1] The Sumter Free Press, although it has not filed a motion for sanctions, submits that the appeal is frivolous and made for purposes of delay and that a penalty under Supreme Court Rule 8 is warranted. The request for sanctions is denied.

from public inspection by law or by court order. *Bowers v. Shelton*, 265 Ga. 247, 249 (2) (453 SE2d 741) (1995). The very purpose of the Open Records Act "is to encourage public access to government information and to foster confidence in government through openness to the public." *McFrugal Rental of Riverdale v. Garr*, 262 Ga. 369 (418 SE2d 60) (1992). And compliance with the Act is not discretionary, but mandatory. OCGA § 50-18-70 (b); *Bowers v. Shelton*, 265 Ga. at 248 (1). In a suit under the Act, the inquiries are whether the sought records are "public records," and if so, whether they are protected from disclosure by law, or if they should be protected by court order because of the claim that disclosure would invade individual privacy. *Hardaway Co. v. Rives*, 262 Ga. 631, 632 (1) (422 SE2d 854) (1992).

At the mandamus hearing, the parties stipulated that the records at issue were public records and the newspaper asserted that it was seeking only information that was subject to public disclosure under the Act. There was no claim of invasion of individual privacy. The fact that some of the newspaper's requests were oral rather than written did not diminish their efficacy under the Act, for there is no requirement that those requests be in writing. What is more, the evidence at the hearing supports the superior court's implicit finding that the oral requests were sufficiently specific to identify them as requests for information subject to the Open Records Act. OCGA § 50-18-70 et seq.

It is true, as Howard maintains, that the Act applies to existing records in that no public officer or agency is required to prepare reports, summaries, or compilations not in existence at the time of the open records request. OCGA § 50-18-70 (d). But, the evidence in this case was that the documents at issue were generated on an ongoing basis and that the newspaper's requests for access to the documents were continuing.

As for Howard's claim that the court erroneously based its decision on equal protection, the court's directive to the sheriff to provide equal treatment to like entities in responding to open records requests does not demonstrate that the court's ruling was premised on an equal protection analysis. See *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d 896) (1996) for a discussion of equal protection analysis. It does no more than show that the court gave credit to the evidence that Howard regularly provided other members of the news media the information denied to the Sumter Free Press.

2. The record fails to show that the superior court abused its discretion in awarding the newspaper attorney fees and costs. See OCGA § 50-18-73 (b); *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19, 21 (311 SE2d 806) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000 —
RECONSIDERATION DENIED JUNE 30, 2000.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, George R. Ellis, Jr.,* for appellant.
*McKelvey & Calhoun, W. McCall Calhoun, Jr.,* for appellee.