S06A1591. MANLEY v. THE STATE.
(640 SE2d 9)

MELTON, Justice.

On September 12, 2005, Charles Travis Manley was indicted in Harris County for, among other things, murder in connection with the 1987 abduction and killing of Vieng Phovixay. On October 3, 2005, Manley filed a plea in bar, arguing that his constitutional right to due process was violated by the delay between the alleged 1987 crime and his 2005 arrest and indictment. The Harris County Superior Court denied Manley's plea in bar on March 17, 2006, and Manley appeals from this ruling. We affirm.

The record reveals that on October 10, 1987, Phovixay disappeared from Coweta County, and her remains were discovered two years later in a remote area of Harris County. The Georgia Bureau of Investigation (GBI) investigated Phovixay's death, and Manley was considered the prime suspect as early as 1990. In 1993, the Harris County District Attorney declined to prosecute Manley for Phovixay's murder, citing insufficient evidence, and the investigation stalled. In 2005, the original GBI investigator on the case requested that an investigator with the Coweta Judicial Circuit reopen the investigation. The Coweta investigator followed up on the original leads in the case and developed new evidence, namely eyewitness identifications of Manley as the perpetrator of the crimes and DNA evidence of the victim that was not available at the time of the original investigation. Manley was then arrested, but the new Harris County District Attorney declined to move forward with the case. Instead, the District Attorney agreed to appoint special prosecutors from Coweta County to prosecute Manley for Phovixay's murder.

In order for Manley to prevail on his claim that his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated by the delay between the time of the crime and the time of his arrest, Manley must prove (1) that the delay caused actual prejudice to his defense, and (2) that the delay was the result of deliberate prosecutorial action to give the State a tactical advantage. *Jackson v. State*, 279 Ga. 449 (2) (614 SE2d 781) (2005).

Manley argues that the 18-year delay between the time of the crime and his arrest and indictment caused prejudice to his defense because witnesses' memories and stories have changed, despite no significant change in the evidence; a key witness has died since Phovixay's death in 1987; the trial court improperly allowed the Harris County District Attorney to appoint special prosecutors from Coweta County to prosecute the case against him; and allegedly exculpatory driving logs kept by Manley that were seized by police in 1990 have been lost.[1] However,

> [t]he offense in this case is murder, for which there is no applicable statute of limitation. Hence, any prejudice which results merely from the passage of time cannot create the requisite prejudice. The possibilities that memories will dim, witnesses become inaccessible, and evidence be lost are

---

[1] Although Manley contends that the GBI lost 1987 driving logs that would have shown that he was not in the area where Phovixay was last seen, the State claims that the only driving logs obtained from Manley were from 1988 and 1989, not from 1987.

inherent in any extended delay, and, these possibilities are not in themselves enough to demonstrate that [the defendant] cannot receive a fair trial.

(Citation and punctuation omitted.) *Wooten v. State*, 262 Ga. 876, 880 (3) (426 SE2d 852) (1993). Thus, Manley has failed to show that the delay between the time of the crime and the time of his arrest prejudiced his defense.

Nor is Manley able to show that the delay here was the result of deliberate action by the State to gain a tactical advantage. Delay caused by an ongoing investigation does not result in a violation of due process, *Roebuck v. State*, 277 Ga. 200, 204 (4) (586 SE2d 651) (2003), and Manley has produced no evidence that the State acted deliberately to gain a tactical advantage in this regard. Further, the appointment of special prosecutors was not the result of *delay* in the case against Manley, but an attempt to *prevent* further delay by allowing special prosecutors who were willing to handle the case to move forward with it. See *Isaacs v. State*, 259 Ga. 717 (386 SE2d 316) (1989) (appointment of assistant attorney general as a special assistant district attorney was authorized and did not conflict with provisions of the Georgia Constitution describing duties of Attorney General).

Because Manley cannot show that the delay between the crime and his arrest prejudiced his defense and that the delay was the result of deliberate action by the State to gain a tactical advantage, the trial court properly denied his plea in bar. See *Roebuck*, supra, 277 Ga. at 204 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Brian Steel*, for appellant.

*J. Gray Conger, District Attorney, Bruce P. Dutcher, Assistant District Attorney*, for appellee.